IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BERNIE O'HARE, : CIVIL ACTION
:
Plaintiff, :
v. : NO. 15-1625
:
JOANN MEZZACAPPA, :
:
Defendant. :

**Henry S. Perkin, M.J.**                                                     June 8, 2015

## MEMORANDUM

This matter is before the Court on the Defendant Joann Mezzacappa's ("Defendant Mezzacappa") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), filed by Defendant Mezzacappa on April 22, 2015.[1] The Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss was filed on May 4, 2015. This Court has jurisdiction over this diversity suit pursuant to 28 U.S.C. §1332(a)(1).[2] Having reviewed and considered the contentions of the parties, the Court is prepared to rule on this matter.

## Procedural History

On March 30, 2015, Plaintiff Bernie O'Hare ("O'Hare") commenced this action by filing a suit in diversity against Defendant Mezzacappa pursuant to the Pennsylvania Uniform Fraudulent Transfer Act ("PUFTA"). 12 Pa.C.S. § 5104. O'Hare seeks to collect on a previously obtained judgment against Defendant Mezzacappa's daughter Tricia Mezzacappa ("Tricia"). O'Hare alleges that Tricia transferred property to Defendant Mezzacappa in order to fraudulently

---

[1] This case was originally assigned to the docket of the Honorable Lawrence F. Stengel, and the parties consented to trial before the undersigned pursuant to 28 U.S.C. §636 on May 26, 2015. See Dkt. No. 7 The consent was approved and the case was transferred on May 27, 2015. See Dkt. No. 9.

[2] The Plaintiff is a citizen of Pennsylvania while Defendant is a citizen of New Jersey. See Complaint (Dkt. No. 1) ¶3; Mot. to Dismiss, pp. 3, 6.

1

avoid O'Hare's attempt to levy judgment on the property. O'Hare seeks to recover through this litigation the $67,140.00 owed by Tricia from Defendant Mezzacappa, and in addition seeks punitive damages against Defendant Mezzacappa for the allegedly fraudulent transfer.

## Facts

According to the Complaint, the pertinent facts to this Court's determination are as follows:

O'Hare obtained a defamation verdict in the Court of Common Pleas of Northampton County against Tricia on March 28, 2014 in the sum of $67,140.00. Complaint (Dkt. No. 1) ¶5. At that time and throughout the litigation Tricia was the owner in fee simple of the unencumbered premises at 817 Ridge Street, West Easton Borough, Northampton County. Id. at ¶6. On April 2, 2014, Tricia transferred the Ridge Street property to Defendant Mezzacappa by quitclaim deed. Id. at ¶8. On April 3, 2014 the deed was recorded. Id. Defendant Mezzacappa paid no consideration for the property. Id. at ¶9. On July 30, 2014, the trial court denied post-trial motions and entered judgment for O'Hare against Tricia for $67,140.00. Id. at ¶11. Although Tricia has appealed that judgment in state court, she failed to post the required bond to prevent execution of the judgment against her property. Id. at ¶12.

Upon learning that the Ridge Street property had been transferred from Tricia to Defendant Mezzacappa, O'Hare contacted Defendant Mezzacappa and gave her the option to vacate the transfer and return the property to Tricia. Id. at ¶13. Defendant Mezzacappa refused to do so, and retained legal counsel. Id. at ¶14. Plaintiff then filed the present suit to collect on the judgment under PUFTA. See Complaint (Dkt. No. 1).

## Standard of Review

On a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ P. 12(b)(1), the court must consider whether the allegations in the complaint are sufficient to invoke jurisdiction over the case. Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406 (3d Cir. 1991). The plaintiff bears the burden of alleging facts sufficient to invoke proper subject matter jurisdiction. Id. at 1409. A claim should be dismissed under rule 12(b)(1) if it is wholly impossible for it to invoke subject matter jurisdiction, not merely "because the legal theory is probably false." Kulick v. Pocono Downs Racing Ass'n, 816 F.2d 895, 898 (3d Cir. 1986). A 12(b)(1) motion is easier to survive than a 12(b)(6) motion. Lunderstadt v. Colafella, 885 F.2d 66, 70 (3d Cir. 1989).

On a motion to dismiss for failure to state a claim on which relief can be granted, the court construes all factual allegations in the light most favorable to the plaintiff and looks to see if there is a reasonable reading of the complaint under which the plaintiff could be entitled to relief. Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008). The complaint must contain more than a mere recitation of the elements of a cause of action or conclusory allegations of wrongdoing to survive a 12(b)(6) motion. Bell Atlantic v. Twombly, 550 U.S. 554 (2007). The complaint must include a claim for relief that is not just possible, but plausible after the court makes reasonable inferences from facts presented in the complaint. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

## Discussion

Defendant Mezzacappa asserts three intertwined bases for dismissal. First, Defendant Mezzacappa asserts that the Complaint does not meet the $75,000.00 minimum amount in controversy to invoke federal diversity jurisdiction because the state court judgment amount is

only $67,140.00. Second, Defendant Mezzacappa asserts that the Plaintiff cannot recover more than the judgment amount through an unliquidated tort because the Plaintiff fails to state a claim for punitive damages against Defendant Mezzacappa, instead stating claims only against Tricia. Third, Defendant Mezzacappa asserts that Tricia is an indispensable party to this litigation and that her joinder would eliminate this Court's jurisdiction by destroying diversity of citizenship. For the following reasons, this Court disagrees with Defendant Mezzacappa on all bases and denies the motion for dismissal. For purposes of clarity and efficiency, the issues regarding amount in controversy and the alleged failure to state a claim against Defendant Mezzacappa will be examined together. The failure to join Mezzacappa will be examined separately.

**I.  Amount in Controversy and Failure to State a Claim Against Defendant Mezzacappa**

The amount in controversy requirement is assessed according to the "legal certainty" test first applied by the Supreme Court in 1938. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938). Under this test, in order for a party to defeat jurisdiction for failure to meet the amount in controversy requirement, it must be impossible for the plaintiff to recover an amount greater than the jurisdictional requirement. Id. The party asserting federal jurisdiction bears the burden of proving that it is possible to recover a larger sum. Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). Punitive damages can be used to reach the amount in controversy requirement where available. Golden v. Golden, 382 F.3d 348, 356 (3d Cir. 2004), *overruled in part on other grounds by* Marshall v. Marshall, 547 U.S. 293 310-11 (2006).

O'Hare asserts that the jurisdictional amount is met in this case by the request for punitive damages. Complaint (Dkt. No. 1) at ¶22. The Third Circuit has predicted that the Pennsylvania Supreme Court would likely allow punitive damages in cases under PUFTA because the "catch all" provision supplements the statute with the common law of fraud. Klein v.

Weidner, 729 F.3d 280, 291-93 (3d Cir 2013). While Klein dealt with punitive damages against the transferor rather than against a transferee involved in the fraud, PUFTA makes no distinction between remedies against the transferor or the transferee, allowing "(2) An attachment or other provisional remedy against the asset transferred or other property of the transferee…" along with the catch-all provision interpreted to include punitive damages in Klein. 12 Pa.C.S. § 5107(a)(2), (3); Klein, 729 F.3d at 290, 296. §5108 of PUFTA provides defenses for transferees who purchased the property in good faith for reasonable value, but these do not avail Defendant Mezzacappa on a 12(b)(6) motion because O'Hare asserts that she was likely aware of the fraudulent intent of the transfer at the time of the transfer. 12 Pa.C.S. § 5108(a); Complaint (Dkt. No. 1) ¶13-14. It is therefore plausible that there is a legitimate cause of action for punitive damages above the jurisdictional amount by O'Hare against Defendant Mezzacappa. Iqbal, 556 U.S. 662; 28 U.S.C. §1332 (a). Because the punitive portion of the PUFTA claim is plausible against Defendant Mezzacappa and survives the 12(b)(6) motion, the 12(b)(1) motion must also be denied because the potential unliquidated tort damages place the amount in controversy over the jurisdictional limit. Golden, 382 F.3d 348.

## II. Failure to Join Tricia Mezzacappa as a Necessary Party

Defendant Mezzacappa also challenges this Court's jurisdiction pursuant to Rule 12(b)(7) because O'Hare has not joined Tricia, who Defendant Mezzacappa asserts is an indispensable party to this litigation. Fed. R. Civ. P. 12(b)(7). A party is necessary and must be joined under Rule 19 if without that party it would be impossible to accord relief among the already present parties, or if that party claims an interest so close to the subject of litigation that proceeding without that party would impede their ability to protect that interest. Fed. R. Civ. P. 19. Joint tortfeasors have been held to be permissive rather than necessary defendants. Temple v. Synthes

Corp., 498 U.S. 5 (1990); <u>Zambelli Fireworks Mfg. Co. v. Wood</u>, 592 F.3d 412 (3d Cir. 2010). Plaintiffs can choose to sue any individual tortfeasor for the entire amount of the judgment. <u>Temple</u>, 498 U.S. 5.

O'Hare asserts that Tricia has no remaining interest in the real property which is the subject of this fraudulent transfer action. <u>See</u> Complaint (Dkt. No. 1) ¶5-17. Tricia's alleged participation in the events underlying this suit is as an alleged joint tortfeasor with Defendant Mezzacappa seeking to defraud her creditor O'Hare. <u>Id.</u> at ¶15. Because Tricia's only role in the suit is as a joint tortfeasor and conspirator in fraud, she is a permissive rather than a necessary party. <u>Temple</u>, 498 U.S. 5; <u>Zambelli</u>, 592 F.3d 412. Therefore, O'Hare's decision not to join Tricia does not serve as grounds to dismiss the complaint.

## **Conclusion**

For the reasons stated above Defendant Mezzacappa's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b) (1) and (6) is denied.

An order follow